In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00006-CR
______________________________


THOMAS SHANE DIGGS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31207-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Appellant, Thomas Shane Diggs, has filed a motion to dismiss the pending appeal in this
matter. The motion contains an attached affidavit signed by Diggs, indicating his wish to dismiss
this appeal. We grant Diggs' motion and hereby dismiss this appeal. 
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â February 28, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 1, 2005

Do Not Publish



n,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Shannon's sentence
to the sentences imposed on other persons in Texas or on persons in other jurisdictions who
committed a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000,
pet. ref'd); Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). 
Without such evidence, the record before us does not support Shannon's claim of demonstrable error. 
Cf. Jackson, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for
similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: May 9, 2008

Date Decided: May 12, 2008


Do Not Publish

1. Shannon originally pled guilty in open court to the offense of possession of a controlled
substance (methamphetamine) in an amount of less than one gram and was sentenced by the trial
court to two years' confinement, probated for four years. See Tex. Health & Safety Code Ann.
§ 481.115(b) (Vernon 2003); Tex. Penal Code Ann. Â§ 12.35. Shannon admitted using marihuana,
a controlled substance, on or about August 28, 2007, which was less than one month after the trial
court granted community supervision. 
2. The trial court did not conduct a hearing on Shannon's motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.